Filed 4/15/25  P. v. Tamariz CA2/2
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B315223 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA088067) |
| v. | |
| URIEL TAMARIZ, | **OPINION ON REMAND** |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Alan K. Schneider, Judge.  Affirmed in part, reversed in part and remanded with directions.

Nicholas Seymour, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

_____

This case is before us on remand from the California Supreme Court. Pursuant to the Court's instructions, we have vacated our previous opinion in this case and reconsidered the cause in light of *People v. Lynch* (2024) 16 Cal.5th 730 (*Lynch*).

Defendant and appellant Uriel Tamariz appeals from his convictions for, among other things, second degree robbery (Pen. Code, § 211; counts 1 & 3).[1] On the principal term (count 3), the trial court sentenced defendant to the high term on the basis of several aggravating factors, including that defendant had "planne[d]" one of the two robberies.

Subsequently, the Legislature amended section 1170, subdivision (b), limiting the trial court's discretion to impose high term sentences. The *Lynch* court later held that these amendments require a jury to find true "all facts actually relied on to impose an upper term," except for a prior conviction. (*Lynch*, *supra*, 16 Cal.5th at p. 757.) Because we cannot conclude, beyond a reasonable doubt, that a jury would have found that defendant planned one of the robberies, we must reverse and remand for resentencing in accordance with section 1170, subdivision (b).

## FACTUAL BACKGROUND

On March 16, 2018, defendant robbed and shot Eduardo Zamora. The following day, he robbed Jose Lopez (Lopez).

With respect to the latter robbery, Lopez testified that one week earlier, he saw defendant, who lived nearby, loitering in the parking lot adjacent to Lopez's home. When Lopez asked defendant what he was doing there, defendant accused Lopez's

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

father of stealing a home appliance from him. He yelled at Lopez and demanded the return of the appliance, but ultimately left without incident.

Late at night on March 17, 2018, Lopez returned home with his girlfriend. They parked their car on the street, exited, and began walking towards Lopez's home. Lopez saw defendant walking down the street. Defendant screamed at Lopez, who tried to ignore him. Lopez then heard defendant draw a gun.

Lopez kept walking, but defendant walked in front of him, pointed the gun at his torso, and said "[y]ou thought I was playing." Defendant then told Lopez to hand over his belongings; when Lopez refused, defendant fired a warning shot. Lopez emptied his pockets and gave the contents to defendant. Defendant told Lopez that he would "get [the items] back when [his] dad comes and talks to me about what he took." Defendant never returned the items.

## PROCEDURAL BACKGROUND

### I. *Conviction*

An amended information filed by the Los Angeles County District Attorney's Office alleged that defendant committed two counts of second degree robbery (§ 211; counts 1 & 3), and possession of a firearm by a felon (§ 29800, subd. (a)(1); count 2). The information further alleged as to counts 1 and 3 that defendant personally and intentionally discharged a firearm (§ 12022.53, subd. (c)), and, as to count 3, that the discharge caused great bodily injury (§§ 12022.53, subd. (d), 12022.7, subd. (a)). Finally, the information alleged that defendant had suffered a prior "strike" conviction and had served a prior prison term (§§ 667, subd. (d), 667.5, subd. (b)). Defendant pled not guilty and denied the special allegations.

3

A jury found defendant guilty as charged and found the special allegations true.

II.    *Sentencing*

After entertaining oral argument, the trial court imposed the high term on the principal conviction (count 3).  In so ruling, the court reasoned:  "There are factors in aggravation, particularly that the crime did involve multiple victims.  There was planning involved with the incident in which he did go to the . . . victim's home.  He has engaged in prior violent conduct indicating that he is a serious danger to society under California Rules of Court[, rule] 4.421(b), in that he has previously been convicted of a violent and serious charge, [§] 246.3 [grossly negligent discharge of a weapon], in which he did discharge a firearm.  He has served a prior prison sentence on that matter."

"Looking at the entire nature of the crime," the trial court chose "the high term because of factors in aggravation, particularly his prior serious and violent felony for which he did serve a prior prison term."

The trial court sentenced defendant to a total of 23 years in state prison.  On the principal term of count 3, the trial court imposed the high term of five years, plus a consecutive 10-year term for the gun use enhancement and three years for the infliction of great bodily injury.  As to count 1, the trial court imposed a consecutive one-year sentence (one-third the midterm), plus three years four months for the firearm discharge allegation.  As to count 2, the trial court imposed a consecutive eight-month term (one-third the midterm).  The trial court struck the personal discharge of a firearm enhancement as to counts 1 and 3 in the interest of justice.  The prosecutor declined to proceed with the

4

alleged prison prior and strike; thus, the trial court also struck those.

III.  *Appeal and Subsequent Legal Developments*

Defendant timely appealed.

Approximately one month after defendant filed his notice of appeal, the Governor signed Senate Bill No. 567 (2021-2022 Reg. Sess.), which became effective January 1, 2022.  Senate Bill No. 567 amended section 1170, subdivision (b), which delineates the trial court's authority to impose the statutory terms of imprisonment.

## DISCUSSION

I.  *Standard of review*

Where, as here, "the [defendant's] judgment is not yet final, a sentence imposed under former section 1170[,] [subdivision] (b) must be reversed and remanded unless the reviewing court concludes beyond a reasonable doubt that a jury . . . would have found true all of the aggravating facts upon which the court relied to conclude the upper term was justified, or that those facts were otherwise proved true in compliance with the current statute."  (*Lynch, supra,* 16 Cal.5th at p. 743.)

Additionally, if the defendant's "sentence[] [was] imposed before the statute's 2022 amendment[,]" "'the appropriate remedy is to remand for resentencing unless the record "clearly indicate[s]" that the trial court would have reached the same conclusion "even if it had been aware that it had such discretion."'" [Citations.]"  (*Lynch*, *supra*, 16 Cal.5th at p. 771.)

II.  *Relevant legal principles*

At the time defendant was sentenced, when a judgment of imprisonment was imposed and the statute specified three possible terms (lower, middle, and upper), the trial court had

5

broad discretion to select the term that best served the interests of justice.  (Former § 1170, subd. (b); Cal. Rules of Court, rule 4.420(e); *People v. Sandoval* (2007) 41 Cal.4th 825, 846–847.)

Senate Bill No. 567 changed that, making the middle term the presumptive sentence for a term of imprisonment unless certain circumstances exist.  Specifically, section 1170 now provides, in relevant part:  "(b)(1) When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2).

"(2) The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term[,] and the facts underlying those circumstances have been stipulated to by the defendant[,] or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial . . . .

"(3) Notwithstanding paragraphs (1) and (2), the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury.  This paragraph does not apply to enhancements imposed on prior convictions." (§ 1170, subd. (b)(1)-(3).)

Our Supreme Court subsequently held that Senate Bill No. 567 applies retroactively where, as here, the defendant's judgment was not final when the statute took effect.  (*Lynch, supra*, 16 Cal.5th at p. 749.)  Moreover, the court clarified that "a jury finding is now required for all facts actually relied on to

6

impose an upper term[,]" except for a prior conviction. (*Lynch, supra,* at p. 757; § 1170, subd. (b)(3).)

III. *Analysis*

Defendant argues that section 1170, subdivision (b) entitles him to a new sentencing hearing because the trial court relied on unproven aggravation factors to arrive at his upper-term sentence on count 3. Specifically, defendant objects that the court cited the "involve[ment] [of] multiple victims," "'that [defendant] is a serious danger to society[,]'" and "that there was 'planning[.]'"

As to the last factor, we cannot conclude beyond a reasonable doubt that a jury would have found that defendant planned the Lopez robbery.[2] (*Lynch, supra,* 16 Cal.5th at p. 743.) At trial, Lopez testified that defendant returned to his home one week after a prior altercation, said "[y]ou thought I was playing[,]" robbed Lopez at gunpoint, and said that he would only give the items back when Lopez's father called defendant to settle a prior dispute.

This evidence is susceptible to multiple interpretations, as illustrated by closing arguments at trial: The prosecution argued that Lopez's testimony showed "defendant knew [Lopez] and targeted him as payback for" their altercation one week earlier; the defense argued that defendant was walking through his own neighborhood when he happened to "come[] across" Lopez and his girlfriend. A jury could reasonably favor either argument: it could find that defendant planned to go to Lopez's home and rob

---

[2]     This conclusion renders it unnecessary to address whether the other two factors articulated by defendant warrant reversal. (*Lynch, supra,* 16 Cal.5th at p. 776.)

him out of vengeance, or that he happened to run into Lopez in their mutual neighborhood and opportunistically robbed him.

Moreover, we "cannot assume that the record reflects all of the evidence that would have been presented to the jury, or that . . . defendant had the same incentive and opportunity at a sentencing hearing to contest the aggravating circumstance." (*Lynch*, *supra*, 16 Cal.5th at p. 775.)

"Because we cannot find the omission of a jury trial harmless beyond a reasonable doubt as to *every* aggravating fact relied upon by the trial court to impose an upper term, [defendant's] sentence must be reversed."[3] (*Lynch*, *supra*, 16 Cal.5th at p. 776, italics in original.)

---

[3] Having found that reversal is required as under the first of the two standards of review articulated in *Lynch*, we need not determine whether the record "'clearly indicate[s]'" that the trial court would have reached the same conclusion "'even if it had been aware that it had such discretion.'" (*Lynch*, *supra*, 16 Cal.5th at p. 771.)

**DISPOSITION**

We reverse the judgment imposing an upper-term sentence for count 3, and remand for resentencing. On remand, the trial court is directed to conduct further proceedings on the aggravating sentencing factors and to exercise its discretion under section 1170, subdivision (b). In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
ASHMANN-GERST


We concur:


_____, P. J.
LUI


_____, J.
RICHARDSON

9